Coyle et al v. Board of Commissioners of Kay County et al.

COYLE *et al.* v. BOARD OF COM'RS OF KAY COUNTY
*et al.*

No. 2390.    Opinion Filed May 9, 1913.

Rehearing Denied June 24, 1913.

(132 Pac. 1113.)

1.    **DRAINS—Drainage District—Petition to Establish—Necessity—Description of Land.**  The petition required to be filed with the board of county commissioners by section 3046, Comp. Laws 1909 (Rev. Laws 1910, sec. 2963), must describe said district so that the aggregate acres may be ascertained from an examination of said petition.

(a)    Such petition is essential to the acquiring of jurisdiction by the board of county commissioners.

2.    **SAME—Lands Subsequently Included—Right to Enjoin.**  The board of county commissioners has not authority subsequent to the filing of the petition and the appointment of said freeholders to include in said proposed drainage district the lands of persons not contained within the area described in the petition.

(a)    Such parties may prosecute an action to enjoin the board of county commissioners from the annexation of such lands to said proposed drainage district under said proceedings and from issuing tax warrants, bonds, or other evidence of indebtedness, or in any manner creating a lien on the premises of plaintiffs, or either of them.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by A. O. Coyle and another against the Board of County Commissioners of Kay County and others.  Judgment for defendants, and plaintiffs bring error.  Reversed and remanded.

·*John S. Burger* and *D. S. Rose,* for plaintiffs in error.
*J. F. King* and *W. C. Teterick,* for defendants in error.

WILLIAMS, J.  This proceeding in error seeks to have reviewed the action of the trial court in an action commenced

by the plaintiffs in error A. O. Coyle, Robert Dunlop, Felix Richter, N. Pettitt, Wm. Pettitt, Emma Leigerot, C. R. Ogg, T. Mahonery, R. D. Warren, J. B. Ferguson, and T. Corrigan, as plaintiffs, against the board of county commissioners of Kay county, Okla., James H. Lucas, commissioner of Owens township drainage district No. 1, Kay county, Okla., William Gunn, L. P. McDaniel and O. J. Devore, viewers, as defendants, to enjoin them from making any further orders or taking any steps looking toward the annexation of plaintiffs' premises or the premises of either of them to said proposed drainage district, and from issuing tax warrants, bonds, or other evidences of indebtedness in said matter or in any manner creating a lien on the premises of plaintiffs, or either of them, and that such injunction be made perpetual.

Section 3046, Comp. Laws 1909 (Rev. Laws 1910, sec. 2963), clearly contemplates the filing of a petition before jurisdiction by the board of county commissioners is acquired. This petition must be signed by either "fifteen per centum of the owners, or by the resident owners of fifteen per centum of the aggregate acres of land to be benefited or affected by such drain, or improvements, and to be assessed for construction thereof, setting forth the necessity therefor with the general description of the proposed drain or other improvements, the starting point, route, and terminus thereof and whether it is desired to issue bonds and other evidence of indebtedness to meet the expenses of such improvements: Provided, that in the event it is found that the lands to be embraced within said drain or improvement district shall be benefited by such drainage or improvement as herein provided and will benefit the public health, or will be of public utility and benefit, then the commissioners shall have power to order said improvements without additional petitioners; otherwise it shall require the signatures either of fifty per centum of the aggregate acreage to be affected or benefited by such drain or improvements." By referring to the proviso: "In the event it is found that the lands to be embraced within said drain or improvement district shall

be benefited by such drainage or improvement as herein provided and will benefit the public health, or will be of public utility and benefit, then the commissioners shall have the power to order said improvements," etc.—we gain aid in this construction.

How may such finding be made as to the lands "to be embraced within said drain or improvement district" unless said lands are to be set out and described in said petition? In section 3047, Comp. Laws 1909 (Rev. Laws 1910, sec. 2964), it is provided that:

"Upon the filing of such petition and approval of such bond, the commissioners shall appoint three resident freeholders of said county, not interested in the construction of said work, and not of kin to any person interested therein, as viewers, and shall direct the surveyor to assist the viewers so appointed, who shall proceed at once under the direction and order of the commissioners made therein, certified by the county clerk, to view the line of the proposed drain or improvement and report by actual view of the premises along and adjacent thereto, whether the proposed improvement is practicable and necessary, or of private or public utility and benefit; and if said viewers shall find that the proposed improvement is so practicable and necessary, or of utility and benefit, they shall so report and recommend the best route for the proposed drain, whether any portion of the same should be covered or bridged, and whether the work of constructing the same should be by allotment to the several interests, or be let by contract without allotment; which report shall be made in writing, and shall be by order of the commissioners entered upon the records in the office of the county clerk."

In the light of the provisions of this section, the phrase "upon the filing of such petition" evidently means the petition setting out a description of said land; for the order to the freeholders is to act as viewers, not that they shall make examination and determine what land shall be included in the proposed district. With the assistance of the surveyor they shall "view the line of the proposed drain or improvement and report by actual view of the premises along and adjacent thereto,

whether the proposed improvement is practicable and necessary, or of private or public utility and benefit." Section 3048, Comp. Laws 1909 (Rev. Laws 1910, sec. 2965), provides, after notice has been given, for a hearing upon the petition and report of review thereon. The notice to be published is for the purpose of apprising parties to be affected "of the pendency of said petition, the appointment and report of said viewers, the place of beginning, route and terminus of said proposed drain or improvement, and the time at which the petition and report made by the viewers will be heard." The beginning of the proceeding is by filing a petition containing a description of said lands. After the report of the viewers and the notice has been given as prescribed by statute, then the hearing is to be had upon these matters and upon such matters the commissioners make their finding either for or against the improvement.

It cannot be said by any fair construction that these sections provide for the viewers by their report to include land in the proposed district that was not included in the original petition. See *Allen et al. v. Commissioners of Pittsburg County,* 28 Okla. 773, 116 Pac. 175; *Lacik et al. v. Colorado, T. & M. Ry. Co. et al.,* 25 Okla. 282, 105 Pac. 655. Neither were the names of the plaintiffs nor a description of their lands in any way contained in said petition.

It follows that the defendants were without jurisdiction in so far as the lands of said plaintiffs were concerned.

The judgment of the lower court is reversed, and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

HAYES, C. J., and TURNER, J., concur; KANE and DUNN, JJ., absent.