# BOARD OF COM'RS OF ROGERS CO. *et al.* v. LIPE *et al.*

## No. 6575.   Opinion Filed February 23, 1915.

### (146 Pac. 713.)

1. **DRAINS—Drainage Districts—Petition—Sufficiency.** A petition for the construction of a drainage district signed by the requisite number of petitioners, pursuant to section 2963, Rev. Laws 1910, which contains a general description, of the proposed drain, together with the starting point, route and terminus thereof, is sufficient to confer jurisdiction upon the board of county commissioners.

2. **DRAINS—Drainage District—Petition—Sufficiency.** In a petition for a drainage district, the general description of the proposed drain, its starting point, route, and terminus, were described as follows: "The proposed drain or improvement shall commence at a point on the Verdigris river where the same crosses the county line between Rogers and Wagoner counties, where a similar drainage ditch is under construction in Wagoner county, and joining the same at that point, thence up the said Verdigris river and its tributaries to such point as may be more definitely determined by a survey thereof, but approximately following said Verdigris river to the north line of Rogers county, and up the Caney river tributary to the intersection of the county line between Rogers and Washington counties, and having a total length of approximately forty miles. **Held,** a sufficient compliance with section 2963, **supra.**

(Syllabus by the Court.)

*Error from District Court, Rogers County;*

*T. L. Brown, Judge.*

Injunction against Maggie E. Lipe and others against the Board of County Commissioners of Rogers County and others. Demurrer to petition overruled, and defendants bring error. Reversed and remanded, with directions to sustain demurrer.

*J. S. Dickey, Jr.,* and *Summers & Summers* and *Geo. P. Glaze,* for plaintiffs in error.

*J. I. Howard* and *C. B. Holtzendorff,* for defendants in error.

KANE, C. J.  This was a suit in equity commenced by the defendants in error, plaintiffs below, as landowners and freeholders in proposed drainage district No. 1, situated in Rogers county, for the purpose of enjoining the plaintiffs in error, defendants below, the board of county commissioners of said county, from taking any further steps looking toward or attempting to include in said proposed drainage district any lands belonging to said plaintiffs or either of them, and from issuing any tax warrant, assessment, bonds, certificate of indebtedness, or any further evidence of indebtedness in said matter that would in any manner be a charge or lien or cloud upon the lands of said plaintiffs or either of them.  Upon a demurrer to the petition filed in said cause being overruled, the defendants elected to plead no further, and commenced this proceeding in error for the purpose of reviewing the action of the court below in overruling their demurrer.

Counsel for the board of county commissioners contend for three grounds upon which the demurrer ought to have been sustained by the court below.  However, as we view the case, it is necessary to notice but one of the grounds for demurrer, to wit, "the petition of the defendants in error does not allege facts sufficient to constitute a cause of action." We are of the opinion that this ground was well taken, and that it was error for the court below to overrule the demurrer.  Briefly, chapter 27 (section 2960), Rev. Laws 1910, entitled "Drains and Ditches," provides that "the commissioners of any county shall have power, at any regular meeting, when they shall deem it to be conducive to the public health, or of public utility, or of benefit to agricultural interests," etc., to cause to be constructed drains and ditches, etc., and to form one or more drainage or improvement districts, and designate each of said districts by name.  Section 2963 of the same chapter provides for the filing of a preliminary petition "signed either by five or more residents of the county

who claim to be affected by the proposed drain and  *  *  *  to
be assessed for construction thereof, setting forth the necessity
thereof with the general description of the proposed drain or other
improvements, the starting point, route and terminus thereof,"
etc.    Section 2964 provides that, upon the filing of such petition,
the commissioners shall appoint certain viewers "who shall pro-
ceed at once, under the direction and order of the commissioners
made therein, certified by the county clerk, to view the line of the
proposed drain or improvement and report after actual view of the
premises along and adjacent thereto, whether the proposed improve-
ment is so practicable and necessary, or of * * * utility and bene-
fit," etc.    Section 2965 provides that, after the report of the view-
ers is filed, it shall be the duty of the commissioners to cause
notice to be given by publication of the pendency of said petition,
the appointment and report of said viewers, the place of beginning,
route, and terminus of said proposed drain or improvement, and
the time at which the petition and report made by the viewers
will be heard.    Section 2966 provides that any person interested
in the land which will be affected by said proposed drain or im-
provement may file in the office of the county clerk written ob-
jections against the report of the viewers, setting forth his griev-
ance, "which objection shall be by the commissioners filed with
the petition, and heard and determined.    If the commissioners
shall find in favor of making the improvements, the lands which,
as hereinafter provided, it may be found will be thereby benefited,
shall, for the purpose of this chapter, constitute a drainage dis-
trict, which shall be designated by name and number."    Section
2968 provides that, if the commissioners shall find the proposed
drain or improvement is necessary, etc., they shall so certify to
the judge of the district court, who shall upon due notice, and in
the manner provided by the said section, appoint three viewers
from the regular jury list, and shall cause the names of said
viewers so appointed to be certified to the board of county com-
missioners, and the said commissioners shall thereupon cause an

order to be entered upon their records authorizing and directing the three viewers so appointed and the county surveyor or any expert surveyor or engineer employed by them to go upon the line described in the order, and, if only the general route has been located, to establish the precise location thereof, where, in their judgment, the proposed improvement will prove most efficient, etc. Subsequent sections of the chapter provide for the further duties of this last set of viewers, hearings and objections upon their reports, exceptions to apportionment of benefits, appeal to the district court, proceedings on appeal, etc., etc.

The present drainage proceeding had reached the stage where the viewers provided by section 2968, *supra,* had been appointed by the district judge, when this suit was commenced. The plaintiffs' right to injunctional relief is based upon the theory that the preliminary petition required by section 2963, *supra,* does not contain a full description of the lands to be embraced in the drainage district by metes and bounds, or by the names of the landowners, and that the same defect appears in the order appointing the preliminary viewers provided for by the same section. Section 2965, *supra,* provides that notice by publication must be made of the pendency of said petition, the appointment and report of said viewers, the place of beginning, route, and terminus of said proposed drain or improvement, etc. Section 2963 provides that the petition shall contain the "general description of the proposed drain or improvement, the starting point, route, and terminus thereof." The description contained in the preliminary petition, which was substantially followed in the report of the viewers and the notice thereof, is as follows:

"The proposed drain or improvement shall commence at a point on the Verdigris river where the same crosses the county line between Rogers and Wagoner counties, where a similar drainage ditch is under construction in Wagoner county, and joining the same at that point, thence up the said Verdigris river and its tributaries to such point as may be more definitely

determined by a survey thereof, but approximately following said Verdigris river to the north line of Rogers county, and up the Caney river tributary to the intersection of the county line between Rogers and Washington counties, and having a total length of approximately forty miles."

This description is a sufficient compliance with the law. Upon an examination of the drainage laws of several sister states, among them Michigan, Minnesota, Indiana, Arkansas, and Missouri, we find them substantially the same as our own. Counsel cite numerous cases from the foregoing states wherein it was held that a petition signed by the requisite number of freeholders, describing approximately the beginning, course and terminus of the drain is sufficient to confer jurisdiction upon the respective boards or tribunals charged with the duty of carrying the drainage law into effect. The following are a few of the cases cited: *Whiteford v. Probate Judge,* 53 Mich. 133, 18 N. W. 593; *Ranney Ref. Co. v. Smith,* 157 Mich. 302, 122 N. W. 91; *Zinser v. Bd. of Supervisors,* 137 Iowa, 662, 114 N. W. 51; *In re Drainage Dist. No. 3, Hardin County,* 146 Iowa, 564, 123 N. W. 1059; *State ex rel. Utick v. Com'rs Polk County,* 87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161; *Metty et al. v. Marsh et al.,* 124 Ind. 18, 23 N. E. 702. In the latter case the following description was held to be sufficient:

"A petition for a ditch, which described it as beginning at the center of a certain government subdivision; running thence, in a northeasterly direction to a given point in a certain section line; thence north about 40 rods; thence a little north of west until it intersects with a certain creek—and which states that the ditch is to follow the natural water channel the entire distance, sufficiently complies with the statutory requirement that the petition shall contain a general description of the proposed starting point, route, and terminus of the ditch."

Other cases in point to the same effect are *Cribbs v. Benedict,* 64 Ark. 555, 44 S. W. 707; *State v. Taylor,* 224 Mo. 393, 123 S. W. 892.

The purpose of the preliminary petition required by section 2963, *supra*, is to bring to the attention of the board of county commissioners a desire on the part of the requisite number of landowners to have a drainage district established in a certain locality, in order that the board may inquire into the alleged desirability of the establishment thereof. That this is the only question open for decision at this stage of the proceeding becomes more apparent as the subsequent sections of the chapter are examined. For instance, section 2964 provides that, upon the filing of such petition, viewers shall be appointed, "and if said viewers shall find that said improvement is practicable and necessary, or of utility and benefit, they shall so report and recommend the best route for said drain." Section 2965 provides for a hearing after the report of the viewers is filed, and that "if the commissioners shall upon hearing find against the improvement they shall dismiss the petition * * *"; and section 2966 provides:

"If the commissioners shall find in favor of making the improvement, the lands which, as hereinafter provided, it may be found will be thereby benefited, shall, for the purpose of this chapter, constitute a drainage district, which shall be designated by name and number."

It will thus be seen that up to this point there was no necessity—indeed, it was quite impossible—to describe in specific detail each particular tract of land to be included in the drainage district, in either the preliminary petition, the report of the viewers, or the notice of the hearing, for the purpose of finding whether the improvement "is practicable and necessary, or of utility and benefit." Thus far no landowner can know for a certainty whether his lands will be embraced within the proposed drainage district, for the sufficient reason that the boundaries of the district have not been definitely fixed; that duty being cast upon the viewers appointed by the judge of the district court, pursuant to section 2968. These latter viewers are required to file with their report "a schedule of all lots and lands and of public and corporate roads

and railroads, and the names and residences of the owners of the land that will be benefited, damaged, or condemned by or for the improvements, and the damage or benefit to each tract of forty acrs or less, and make separate estimate of the cost of location and construction, and apportion the same to each tract in proportion to the benefits or damages that may result to each."

Section 2970, further prescribing the duties of these viewers, provides:

"In locating a public drain, levee or improvement, the viewers may, in their discretion, vary from the line described in the petition: Provided, they commence at the point described in the petition and follow down the line as nearly as practicable; and when the drain described in the petition is not sufficient in length to drain the land adjacent thereto, they may extend the drain below the outlet named in the petition as far as may be necessary, not exceeding one mile, to obtain sufficient flow or outlet. And when it will not be detrimental to the usefulness o' the whole work, they shall, as far as practicable, locate the drain on the division lines of lands owned by different persons; and they shall, so far as practicable, avoid laying the same diagonally across the land, but they must not sacrifice the general utility of the drain to avoid diagonal lines. And all persons whose lands may be affected by said drain may appear before the viewers and freely express their opinions on all matters pertaining thereto."

Section 2971, which provides for notice of the hearing upon the viewers' report, prescribes that:

"Such notice shall contain in appropriate columns, a tabulated description, which may be abbreviated as land descriptions usually are abbreviated, of every lot or parcel of land that will be affected by the proposed improvements, and shall be published for four weeks in some newspaper printed and of general circulation in the county, the last insertion to be before the day set for the hearing."

It will be observed that, immediately upon the proceeding reaching a stage where the property rights of individuals may be

affected (that is, after "the commissioners find that the proposed drain or improvement is necessary for sanitary or agricultural purposes, or will be conducive to the public health or a public utility"), great particularity is required in the reports of the viewers and notices of hearings as to the land to be affected by the improvement. Until the proceeding has reached the stage where it becomes necessary to determine the exact land to be embraced within the district and to determine the proportion of the cost of the improvement which each of the included tracts is to bear, the landowner has no cause to complain.

Counsel for defendants in error contend that the instant case is controlled by the case of *Coyle et al. v. Board of Com'rs of Kan County,* 38 Okla. 370, 132 Pac. 1113, wherein it was held:

"The petition required to be filed with the board of county commissioners by section 3046, Comp. Laws 1909 (Rev. Laws 1910, sec. 2963), must describe said district so that the aggregate acres may be ascertained from an examination of said petition."

The section of the statute (section 3046, Comp. Laws 1909) construed in the Coyle Case was amended in an important particular by section 2963, Rev. Laws 1910, pursuant to which the proceeding involved herein was commenced. Section 3046 required the petition to be "signed either by fifteen per centum of the owners, or by the resident owners of fifteen per centum of the aggregate acres of land to be benefited or affected by such drain or improvement." This phraseology probably accounts for the construction placed upon the section as it appeared in the Complied Laws of 1909, for how, it may be reasoned, can it be determined whether the petition is signed by the requisite number of petitioners, unless the petitioners "describe said district so that the aggregate acres may be ascertained from an examination of said petition"? In a note to section 2963, *supra,* as it appears in Rev. Laws 1910, the revisers say:

"Requirements regarding signing of petition changed from 15

per cent. of the owners, etc., to five or more residents of the county claiming to be affected, etc., for the reason that the fifteen per cent. was referable to no fixed number, and was therefore not susceptible of exact ascertainment; and it was thought advisable, in order to make the fact of the record show jurisdiction, to provide for a fixed number."

Another as sufficient reason for making the change, it seems to us, is that the amendment tends to harmonize section 2963 with the balance of the drainage law. As we have seen under our drainage law, as it now exists, there is no requirement for any definite determination of the exact land to be embraced in a drainage district until the viewers appointed by the judge of the district court make their report, pursuant to sections 2968 and 2969. Until that stage of the proceeding is reached, it seems to us that the most any petitioner could do would be to claim that his land would be affected by the proposed drain, as the statute now requires. He would not know for a certainty whether his land would be within the drainage district, for the reason that by virtue of section 2970, "in locating a public drain, levee or improvement, the viewers may, in their discretion, vary from the line described in the petition: Provided, they commence at the point described in the petition and follow down the line as nearly as practicable." In such circumstances, it may very well happen that the land of some or all of the plaintiffs would be found by the viewers not to be affected by the proposed drain.

For the reason stated, we are of the opinion that it was error for the court below to overrule the demurrer to the petition.

The cause is therefore reversed and remanded, with directions to sustain the demurrer.

All the Justices concur.