**MULLIGAN et al. v. JOHNSON.**

No. 9199—Opinion Filed Sept. 9, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

1. **Drains—Petition for—Sufficiency—Jurisdiction.**

The petition required to be filed with the board of county commissioners by section 3046, Comp. Laws 1909, must describe said district so that the aggregate acres may be

ascertained from an examination of said petition.

(a) Such petition is essential to the acquiring of jurisdiction by the board of county commissioners.

## 2. Same—Assessments—Validity.

Where in proceedings for the levy of special assessments, as under section 3046, Comp. Laws 1909, the local authorities act without jurisdiction from the beginning, one whose property is benefited by the improvement may deny the validity of the proceedings, although he made no objection while the work was in progress, although after jurisdiction is acquired he might be estopped to question mere irregularities.

Error from District Court, Grady County: Will Linn, Judge.

Action by E. B. Johnson to restrain the county treasurer from collecting assessments levied against his land. Judgment for plaintiff, and defendants appeal. Affirmed.

Stephen C. Treadwell and Locke & Locke, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

OWEN, C. J. The assessments enjoined in this proceeding were levied for the payment of bonds issued in behalf of a drainage district in Grady county. The drainage district was created under section 3046, Comp. Laws of 1909, and the decisive question is whether the commissioners had jurisdiction, the petition failing to describe the drainage district so the aggregate acres might be ascertained from an examination of the petition.

This statute provides that before the commissioners shall establish any drain or improvement district a petition shall be filed, signed either by fifteen per centum of the owners or by resident owners of fifteen per centum of the aggregate acres of land to be assessed for construction of such improvement. A petition was filed, but only purported to give the general direction of the ditch and the sections through which it was to be constructed.

In the case of Coyle v. Board of Com'rs of Kay Co., 38 Okla. 370, 132 Pac. 1113, it was held filing of the petition as required by the statute is essential to acquiring jurisdiction by the board of county commissioners, and that the petition failing to describe the district so the aggregate acres might be ascertained from an examination of the same was fatally defective. The petition filed in that case was almost identical with the petition here, and that case is controlling of the decisive question presented here. It is urged the case of Board of Com'rs of Rogers Co. v. Lipe, 45 Okla. 685, 146 Pac. 713, in effect,

overrules Coyle v. Board of Com'rs. But the cases arose under different statutes, as was pointed out in the last mentioned case.

Plaintiff below was not estopped from resisting the payment of the assessments by reason of not having begun his action until after the completion of the drainage ditch. Where the commissioners had no jurisdiction to create the district, no valid assessment could be made for the payment of the construction work. The rule maintained by the courts with practical unanimity is, that where in proceedings for the levy of a special assessment, the local authorities act without jurisdiction from the beginning, one whose property is benefited by the improvement may deny the validity of the proceedings, although he made no objection while the work was in progress, although after jurisdiction is acquired he might be estopped to question mere irregularities. City of Enid v. Gensman, 76 Okla. 90; So. Surety Co. v. Jay, 74 Oklahoma, 178 Pac. 95; City of Muskogee v. Nicholson, 69 Oklahoma, 171 Pac. 1102; Morrow v. Barber Asph. Pav. Co., 27 Okla. 247, 111 Pac. 198; Hamilton on Special Assessments, sec. 726; Page and Jones, Taxation by Assessment, sec. 1031; 9 R. C. L. p. 631.

The judgment of the lower court is affirmed.

RAINEY, HARRISON, PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.