## FETZER v. JOHNSON et al.

(District Court, E. D. Oklahoma. March, 1925.)

**1. Courts** �köö366(6)—**Federal court must exercise independent judgment in construing statute in suit brought by plaintiff, who had purchased bonds prior to state court's construction of statute.**

Federal courts, having jurisdiction by reason of diversity of citizenship of action to enjoin enforcement of state court's judgment restraining collection of drainage assessments,

brought by plaintiff, who had purchased bonds issued for drainage improvement prior to state court's construction of statute providing for creation of drainage district, must exercise an independent judgment in construing such statute.

**2. Drains** �köö2(3)—**Statute providing for creation of drainage district strictly construed.**

Comp. Laws Okl. 1909, § 3046, providing for creation of drainage district on petition of 15 per cent. of owners of land to be included in district, should be strictly construed.

**3. Drains** �köö14(2) — **Filing of petition conforming to statutory requirements jurisdictional.**

Under Comp. Laws Okl. 1909, § 3046, providing for petition of 15 per cent. of the owners or by resident owners of 15 per cent. of the land to be benefited by drain or improvement, to be filed with county clerk before commissioners shall establish any drain or improvement district, the filing of petition conforming to statutory requirements is jurisdictional, and petition not complying with statute renders all proceedings thereunder void.

**4. Drains** �köö74—**Owner held not estopped to resist collection of assessments by failure to bring suit until after completion of ditch.**

Owner of land in drainage district created under Comp. Laws Okl. 1909, § 3046, was not estopped to resist payment of assessments on ground that proceedings were void, because petition pursuant to which district was organized did not comply with statutory requirements, though he did not sue to restrain collection of assessments until completion of ditch.

**5. Courts** �köö366(1)—**Federal courts will follow state court's construction of state statutes whenever possible.**

Federal courts will follow state courts in construction of state statutes whenever possible.

In Equity. Suit by William Fetzer against E. B. Johnson and others. Judgment for defendants.

J. B. Furry, of Muskogee, Okl., and Stevens & Herndon, of Springfield, Ill., for plaintiff.

J. B. Dudley, of Oklahoma City, Okl., and Alger Melton, of Chickasha, Okl., for defendants.

KENNAMER, District Judge. William Fetzer, a citizen of Chicago, Ill., sought to restrain E. B. Johnson and other residents of the state of Oklahoma from enforcing or taking advantage of a judgment and decree of the Supreme Court of the state of Oklahoma entered in the suit of Mulligan v. Johnson, reported in 77 Okl. 68, 186 P. 242, and further attempted to compel the county treasurer of Grady county, Okl., to proceed to perform his legal duties in the matter of the collection of the special assess-

ment in question, in order that the complainant could secure payment of the amount due upon bonds issued by the improvement district where certain drainage improvements were made.

The facts in this case are the same as those before the Oklahoma courts in the case reported in 77 Okl. 68, 186 P. 242. Briefly, the county commissioners sought to create a drainage district upon the filing of a petition signed by some of the property owners in the district to be created. There was a failure to describe all the property in the contemplated district, and the requisite percentage of property owners in the district to be created did not sign the petition. It is insisted that upon a construction of a number of sections of the Oklahoma statute pertaining to the creation of improvement districts, and upon consideration of them together, there is to be found a compliance with the statutory requirements.

[1] Complainant, William Fetzer, became the owner of the bonds issued by the county to pay for the improvement in the drainage district prior to a construction of the statute pertaining to the creation of special improvement districts by the Oklahoma courts, and, this court having jurisdiction by virtue of the diversity of citizenship of the parties, it is not only its right, but its duty, in construing the statute, to exercise an independent judgment.* Folsom v. Township 96, 159 U. S. 611, 16 S. Ct. 174, 40 L. Ed. 278; Carroll County v. Smith, 111 U. S. 556, 4 S. Ct. 539, 28 L. Ed. 517; Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359; Thompson v. Perrine, 103 U. S. 817, 26 L. Ed. 612; Pine Grove Township v. Talcott, 19 Wall. 666, 22 L. Ed. 227.

It is undisputed that the proceedings for the creation of the drainage district in question were based upon section 3046, Comp. Laws Okl. 1909, which in part provides:

"Before the commissioners shall establish any drain or improvement district authorized by this act, there shall be filed with the county clerk of such county a petition signed either by fifteen per centum of the owners, or by the resident owners of fifteen per centum of the aggregate acres of land to be benefited or affected by such drain or improvement and to be assessed for construction, thereof setting forth the necessity therefor, with the general description of the proposed drain or other improvements, the starting point, route, and terminus thereof and whether [or not] it is desired to issue bonds and other evidence of indebtedness to meet the expenses of such improvements."

[2, 3] It is quite obvious that the initial step in the organization of a drainage district is the filing of the statutory petition signed by 15 per centum of the owners, or by the resident owners of 15 per centum of the aggregate acres of land to be included within the district. It is a prerequisite to the vesting of the board of county commissioners with jurisdiction to proceed with the creation of a drainage district that the statutory requirements as to filing the petitions be strictly complied with. The proceeding is one in which the proprietary owners of the lands included in the district are impressed with an involuntary lien for the payment of the improvement or benefit resulting from the creation of said district. It thus appears that the statute permits 15 per cent. of the owners of the land to be included in the district to charge the lands of the remaining 85 per cent. with their proportionate share of the cost of such improvements. In other words, 15 per cent. of the owners are determining what improvements shall be made on lands of the 85 per cent. of the landowners within the district. It is therefore my conclusion, in view of all the provisions of the various sections of the Oklahoma statute pertaining to the creation of the special improvement districts, that the more logical construction of the sections are in favor of a strict compliance.

Bearing in mind the trend of the Oklahoma courts in construing Oklahoma statutes in situations other than the one at bar, it seems to me that the filing of the petition as required by the statute is essential to acquiring jurisdiction by the board of county commissioners. The validity of special elections for school matters has been before the Oklahoma courts a number of times, and it has been uniformly held that the filing of the petitions as required by the statute is essential to acquiring jurisdiction for the holding of such elections. King v. State, 83 Okl. 297, 201 P. 641. The Oklahoma courts have passed on the precise question before this court, and, although not bound by the holdings of the state courts, I agree with their construction placed upon the statute in question. The Oklahoma cases dealing with the statute herein involved are Mulligan v. Johnson, 77 Okl. 68, 186 P. 242, and Coyle v. Board of Commissioners of Kay County, 38 Okl. 370, 132 P. 1113, in which it is held that the filing of the petition as required by the statute is essential to the acquiring of jurisdiction by the board of county commissioners, and that the petition, failing to describe the district as required, or fail-

ing to include the requisite number of signers, was fatally defective.

It was strongly urged that the case of Board of County Commissioners of Rogers County v. Lipe, 45 Okl. 685, 146 P. 713, should be controlling in the case under consideration. The case arose under different statutes than those involved in the instant case.

[4] That defendant Johnson was not estopped from resisting the payment of the assessments by reason of not having begun his action in the state court until after the completion of the drainage ditch is well settled by the Oklahoma authorities. See the cases cited in the opinion of the case of Mulligan v. Johnson, supra. Since it is held that there was want of jurisdiction in the county commissioners in the creation of the said district, because of the failure of the petition to conform to the requirements of the statute, the estoppel argument is of little importance.

[5] It is the desire of federal courts to follow the state courts in construing state statutes whenever possible. For this reason, and for the reason that the construction placed upon the statute in question by the Oklahoma courts meets with the construction I should place upon the statute, to wit, that the filing of the petition in conformity with the requirements of the statute is essential to the acquiring of jurisdiction, I am of the opinion, therefore, that judgment should be entered for the defendants; and it is accordingly so ordered.