The plaintiff, George P. Rose, defendant in error here, brought his action in the district court of Pottawatomie county to enjoin the defendants, county commissioners of said county, plaintiffs in error here, from constructing a drainage ditch. The injunctive relief was granted. The county commissioners appeal.
Two principal propositions are presented for reversal. (1) The district court had no jurisdiction. (2) The judgment is not supported by the evidence.
It seems that the county commissioners of Pottawatomie county were proceeding under chapter 38, Comp. Stats. 1921, to create a drainage district and dig a drainage ditch. The petition was filed as provided in section 6043, Comp. Stats. 1921, stating the necessity therefor, and designating the starting point, route, and terminus thereof, with such particularity as is required by the statute, and signed by five individuals claimed to be affected thereby. On consideration of the petition, the county commissioners appointed viewers as provided in section 6044, Comp. Stats. 1921, who made a survey and return thereof as is required. Upon a hearing of the petition and report of the viewers, the county commissioners fixed the time for hearing and gave notice as required by the statute, showing the place of beginning, general course, terminus, and the purpose of the drainage improvements. Upon the hearing the county commissioners found that the improvement is necessary for sanitary and agricultural purposes; and certified the matter to the judge of the district court of their county as is required by section 6048, Comp. Stats. 1921. The judge of the district court appointed viewers, as in the last mentioned section provided. These viewers made a report, after inspection, survey, etc., as directed in the said section. It seems that thereafter the county commissioners adopted the report of the viewers appointed by the district judge, and were proceeding to establish the drainage district for the purpose of making the improvement petitioned for, as modified by the report and survey of the viewers appointed by the district judge.
The plaintiff filed his petition in the district court, alleging that his lands would be adversely affected by the improvements contemplated, and sought permanent injunctive relief. The petition and exhibits thereto, and amendment thereof, are rather lengthy. It will be sufficient to observe that the petition charges that the viewers appointed by the district judge exceeded the discretion reposed in them by the order of the court and the statute authorizing the appointment of said viewers, in that in their report as to the place of beginning, course to be followed, and outlet of the drainage ditch, there was an unauthorized departure from the original petition filed before the county commissioners which designated the place of beginning, the general course of the drainage ditch, and place of outlet; that the said viewers returned a report and survey showing the drainage ditch to begin at a different point, and follow a course which would have the effect of changing the flow of water from Deer creek, which formed the natural drainage of the district, and which had been followed in the original petition in outlining the course of the drainage ditch; and the result of such change would have the effect of carrying the water *Page 63 
to an entirely different outlet, and would be to the damage and injury of the plaintiff's property by reason of overflow and wrongful assessments, and liens be created against his land for digging the ditch, when no benefits are to be derived therefrom, and when the plaintiff's property would not have been so affected by the drainage of water in the ditch as originally proposed; that the county commissioners, in adopting the departure made by the viewers appointed by the district judge, are acting entirely outside of their jurisdiction as conferred by the statute, and in excess of any jurisdiction conferred upon them by law; that if the county commissioners are not enjoined they will proceed to cut the ditch along the unauthorized route, and the plaintiff is without adequate remedy otherwise.
Section 6049, Comp. Stats. 1921, fixes the power and discretion reposed in viewers appointed by the district judge. In making their view and survey the statute provides that:
"They commence at the point described in the petition and follow down the line as nearly as practicable; and when the drain described in the petition is not sufficient in length to drain the land adjacent thereto, they may extend the drain below the outlet named in the petition as far as may be necessary, not exceeding one mile, to obtain sufficient flow or outlet."
It seems from this quotation that it might well be deduced that if such viewers find it impracticable to commence at about the starting point fixed in the petition, and follow the general course of the drain described in the petition to about the outlet therein fixed, it would become their duty to report to the county commissioners that the drainage ditch described in the petition is impracticable. It seems that no discretion has been given such viewers to go out and make a view and survey, and when they find the project not feasible, or because of some caprice of theirs, or for any reason, change the whole matter by changing the starting point, by following an entirely different line of drainage, materially changing the direction of the flow, and to an entirely different outlet, as is charged in the petition that these viewers have done, and which the board of county commissioners will follow if permitted.
It seems that under the statutes authorizing the county commissioners to create drainage improvement districts and cut drainage ditches, the commissioners are given exclusive jurisdiction of the whole matter, except as is provided in section 6058, Comp. Stats. 1921, which provides for an appeal upon any one or all three of the following propositions: (1) "Whether just compensation has been allowed for property appropriated; (2) whether proper damages have been allowed for property; and (3) whether the property for which an appeal is prayed has been assessed more than it will be benefited, or more than its proportionate share of the costs of the improvements."
It is plain from reading the plaintiff's petition in connection with the section of the statute (sec. 6058), providing for appeal from the action of the board of county commissioners, that plaintiff has no remedy by appeal. Means are provided by statute for raising the money to dig the drainage ditch; but it seems that no money could ever belong to the drainage or improvement district out of which a judgment for damages could be paid. In Coyle v. Board of Com'rs of Kay County, 38 Okla. 370, 132 P. 1113, it was held that the board of county commissioners had no authority, subsequent to the filing of the petition and appointment of viewers by the district judge, to include in said proposed drainage district lands not included in the area described in the petition, and if this was done the parties affected might prosecute an action to enjoin the board from annexing and including such lands. The statute has been changed and amended somewhat, but the rule laid down concerning the remedy that might be applied has not been abrogated. It seems to be a well established rule that injunctive relief may be sought in the district court against inferior tribunals such as the board of county commissioners, where such board is acting without any statutory authority, or is acting in excess of statutory authority to the hurt and damage of an individual. The plaintiff has charged with great particularity, stating the facts, that the board of county commissioners were acting without statutory authority and in excess of statutory authority in following the report of the viewers appointed by the district judge.
We think the petition states facts sufficient to constitute a cause of action for injunctive relief; and sufficient to bring the matter within the jurisdiction of the district court to review the action of the board and grant the relief prayed for, if the allegations of the petition are supported by the evidence.
Upon the second proposition, it will be observed that the district court, after hearing the evidence, made the following findings, to wit: *Page 64 
"The viewers, appointed by the district court, in laying out and determining the course of said ditch, commenced at the starting point as laid in the petition so filed, but did not follow down the course of said ditch to the terminus thereof; and the court finds that said board of viewers departed from the course of said ditch as laid in the petition and changed the course thereof from the south side of section 35, so that the same ran to what is known in the record as Challis Lake; that this constituted a departure from the line as laid in the petition and that said ditch was extended more than a mile from the point of departure; and the court further finds that said viewers were without authority of law to depart from the course laid in said petition, and that said viewers were without authority of law to extend said ditch more than a mile from the point of departure from the course as laid in the petition; that said departure and said extension of said ditch constituted a violation of the statute."
It seems that no good purpose could be served in setting out a summary of the evidence on which such findings were based. The relief sought is equitable in its nature, and the equitable rule in consideration of the evidence should be applied. The rule in such matters is that upon questions equitable in their nature, on appeal, the Supreme Court will examine, consider, and weigh the evidence, but will refuse to disturb the findings and judgment, unless it be made to appear that such findings and judgment are against the clear weight of the evidence. It will be observed that the court found that the report of the viewers appointed by the district judge made a material departure from the original petition filed, in that report and survey did not follow the course originally designated as near as practicable, and had not alone extended the outlet a mile below that designated in the original petition, but had changed the whole course of the drainage, and made an outlet entirely different, and more than a mile below that designated in the petition. We find, on examination of the evidence adduced, that it does not appear that the findings made are against the clear weight of the evidence; but rather that such findings are supported by the clear weight of the evidence.
There is one other matter called to our attention which, it is contended, necessitates a reversal of the judgment. It seems that at some time during the course of the trial, and before the judgment was entered, the board of county commissioners permitted the original petition to be amended to correspond with the report and survey made by the viewers appointed by the district judge; and it is contended that such amendment of the petition would cure defects, if any, and the petition as amended should have been sustained, and the injunctive relief denied. The board of county commissioners seem to have made an order permitting the amendment on the last day of the trial in the district court. Under section 6050, Comp. Stats. 1921, it seems the board of county commissioners have the power, during the course of the proceedings creating the improvement district and digging the drainage ditch, to change the course of the drain. It seems that changing the course of the ditch might, and perhaps would, and in this case did, affect property owners not affected directly by the ditch if made to follow the course originally indicated. The statute provides that the change may be made if the commissioners have the permission of 50 per cent. of the resident landowners or the owners of 50 per cent. of the total acreage embraced in the district. It is not made to appear that the amended petition is supported by 50 per cent. of the resident landowners, nor by the owners of 50 per cent. of the acreage embraced in the district after the amendment to the petition. For such reason the contention made by the defendants with reference to the petition as amended cannot be sustained.
The judgment of the district court is affirmed.
By the Court: It is so ordered.