### ADAMS et al. v. WASHITA CONSERVANCY DIST. No. 1.

No. 18356. Opinion Filed March 27, 1928.

Withdrawn, Corrected, Refiled, and Rehearing Denied March 26, 1929.

Bowling & Farmer, for plaintiffs in error.

Cicero I. Murray, for defendant in error.

HERR, C. This is an appeal from an order of the district court of Garvin county denying a motion to vacate its decree organizing the Washita Conservancy District. This district was organized under authority of chapter 139, Session Laws 1923-4, the purpose of its organization being to drain overflow lands lying in Garvin and McLain counties.

The decree is challenged on nine different grounds. The first, misnomer; fourth, conditions did not exist as alleged in the petition; fifth, petition was not filed with the clerk of the Supreme Court; and, sixth, the decree was obtained by fraud; all of which are wholly without merit and will be dismissed without further consideration.

It is contended that the court was without authority to organize this district as a drainage district; that such district can only be organized as provided by chapter 38, C. O. S. 1921, and that chapter 139 of Session Laws, above mentioned, is not applicable.

The purpose of the organization of the district, as stated in the petition, was for draining overflow lands lying in Garvin and McLain counties, and is, by the decree, organized for such purpose.

Section 3 of the act authorizes such an organization for the purpose of preventing floods, reclaiming wet and overflow lands, and other purposes. In our opinion, the decree is clearly authorized by this act.

We dismiss the contention that the proceedings should have been taken under chapter 38, C. O. S. 1921, by merely quoting section 75 of the act, which, in plain language, otherwise provides:

"All acts or parts of acts conflicting in any way with any of the provisions of this act, in regard to improvements of this or a similar character, or otherwise interfering with the execution of this law according to its terms, are hereby declared inoperative and ineffective as to this act, as if they did not exist. But all such laws and parts of laws shall not be in any way affected by this law. This act shall not repeal chapter 38 of the Oklahoma Compiled Statute 1921, or any amendment thereto, but it shall be an additional remedy."

It is next contended that the petition is insufficient in that it does not sufficiently describe the territory to be included within the proposed district. The cases of Mulligan v. Johnson, 77 Okla. 68, 186 Pac. 242, and Coyle v. Board of County Commissioners, 38 Okla. 370, 132 Pac. 1113, are cited to sustain this contention. These cases have no application to the act under consideration.

Section 4 of the act provides that the petition shall contain the following allegations:

"A general description of the purpose of the contemplated improvement, and a map of the territory to be included in the proposed district. Said description need not be given by legal subdivisions or by metes and bounds, but it shall be sufficient to accurately describe the outside boundary of the said territory to be included in the district. Said

map and description of outside boundary shall be the basis upon which the court makes its finding of jurisdiction, and if the court finds that the required percentage of signatures of owners of land, as shown by the outside boundaries of the map attached to the petition, have been filed, then the court shall have jurisdiction of the said district subject to appeal as provided herein."

Under this section the allegations of the petition are sufficient. Board of County Commissioners of Rogers County v. Lipe, 45 Okla. 685, 146 Pac. 713.

It is further contended that there is a discrepancy between the petition and the decree. A map showing the territory to be included in this proposed district was filed with the petition. There is no discrepancy pointed out between the territory shown by the map and that included in the decree. A variance in description between the petition and the decree would not render the decree void. Section 4 of the act further provides:

"No petition with the requisite signatures shall be declared null and void on account of alleged defects, if the court has once obtained jurisdiction, but the court may at any time after obtaining jurisdiction permit the petition to be amended in form and substance to conform to the facts by correcting any errors in the description of the territory, or in any other particular. * * *"

The petition might be amended to conform to the description shown by the map and contained in the decree. Neither would the decree be void, if, in fact, land was therein included outside of the boundaries provided for by the map. If, however, such territory was not subsequently taken in as provided by section 28 of the act, the owners thereof could not be assessed for the improvements.

A portion of the town of Lindsay is included within the territory composing the district. None of the inhabitants of said town signed the petition for the creation of the district, said petition being signed only by the members of the board of trustees, who were authorized so to do by a resolution adopted by the board. None of the inhabitants of the town having signed, it is urged that the petition did not contain the requisite percentage of signers, and the decree, for this reason, is void.

Section 4 of the act further provides:

"Provided, if any city or town or any part thereof lies within any such proposed district, or if any such city or town has in such district or on any such stream below any such improvements, any water dams and reservoirs, which will be rendered permanent or benefited by such improvements, then such city or town as a whole shall contribute to the cost of such project in proportion to the benefits derived."

The citizens of the town, not being individually liable for such improvements, but the town, as a whole only, being liable, it was proper for the town, through its authorized officers, to sign the petition, even though the statute does not so specifically provide. Section 73 of the act requires a liberal construction of the act, and following such rule of construction, the court ruled correctly in holding it not essential that the inhabitants of the town should individually sign the petition.

It is also contended that proper notice was not given. Notice was given by publication, as provided by section 1 of the act. This is all that was required.

It is further contended that there is a discrepancy, in the description of land, between the petition and publication notice, as to some of the land located in Garvin county in section 1. It is not, however, contended that the publication notice does not correctly describe the land. We fail to discover this discrepancy, but if the same exists it would not render the decree void. The petition might be amended to conform to the decree.

Complaint is also made that the publication notice entirely omits certain land included within the district in both McClain and Garvin counties. As to a portion of this omitted land, the owners thereof signed the petition for the organization of the district, and such owners were, therefore, not entitled to notice. The decree is certainly valid as to them.

It does appear, however, that other land, the owners of which were not parties to the proceedings, was omitted from the publication notice. The tracts so omitted were as follows: Southeast quarter of southeast quarter of sec. 35, twp. 5 north of range 4 west, McClain county; and southeast quarter of southeast quarter of sec. 4, and south half of northeast quarter of southwest quarter of section 10, all in township 4 north, range 4 west, Garvin county.

As to these tracts, the owners thereof could not be legally assessed for any improvements unless such tracts were subsequently taken in as provided by the act, but this omission does not render the decree organizing the district void.

Counsel attack the constitutionality of the act, but in their brief say:

"We will not undertake to cite authorities to the effect that the law is unconstitutional for the main reason that we will be able to show the court that the judgment creating the district in question is void for other reasons."

In these circumstances, we decline to pass upon the constitutionality thereof. We may say, however, that there is authority to the effect that the courts will not pass upon the validity of a drainage act in proceedings to incorporate a drainage district. See Birmingham Drainage District v. Chicago, M. & St. P. Ry. Co. (Mo.) 178 S. W. 898.

From what is said it follows that the decree assailed is not void.

Judgment should be affirmed.

BENNETT, JEFFREY, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.