**BOARD OF COUNTY COM'RS OF OKLAHOMA COUNTY, OKL., et al. v. BOARD OF FINANCE OF METHODIST EPISCOPAL CHURCH, SOUTH, et al.**

**No. 1679.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1938.

Lewis R. Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty., Oklahoma County, Oklahoma, and Sam S. Gill, all of Oklahoma City, Okl., for appellants.

Thomas G. Andrews, Clyde L. Andrews, and James D. Fellers, all of Oklahoma City, Okl., for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

The owners of certain drainage district bonds issued by Oklahoma County, Oklahoma, brought this suit against the board of county commissioners of Oklahoma County, the individual members of the board, the clerk, the assessor, and the treasurer of the county, respectively, and certain owners of land within the drainage district. Plaintiffs prayed judgment against the board of county commissioners for the amounts due on the bonds for principal and interest, for a mandatory injunction to compel the levy and collection of the necessary assessments to pay such judgment, and for an injunction restraining the further prosecution of a suit pending in the district court of Oklahoma County.

From a judgment in favor of plaintiffs upon the bonds, which reserved jurisdiction for the purpose of entering such further orders and decrees as might be necessary and proper in the premises, the defendants below have appealed.

The cause was tried upon an agreed statement of facts. On September 5, 1922, the board of county commissioners of Oklahoma County, Oklahoma, purporting to act under authority of the Oklahoma State Drainage Act, §§ 6039 to 6070, inclusive, C.O.S.1921, 82 Okl.St.Ann. § 281 et seq., made and executed 18 drainage bonds, each in the sum of $1,000, numbered 1 to 18, inclusive, to provide funds for paying the cost of a combined system of drainage known as Choctaw Drainage District No. 8. Each of the bonds contained the following recitals:

"This bond is based upon and constitutes a lien upon and is payable solely out of the proceeds of the special assessment for benefits heretofore legally levied on the lands to be benefited, and out of no other fund whatsoever.

"And it is hereby certified and recited that all acts, conditions and things required to be done in locating and establishing said drainage district, and in making and levying said assessment against lands benefited thereby and in the authorization, executing

and issuance of this bond were and have been legally had, done and performed; * * *

" * * * The Board of County Commissioners of said Oklahoma County, in the State of Oklahoma, have caused this bond to be signed by their Chairman, countersigned and registered by the County Clerk. * * *"

The first two bonds issued have been paid. The last three are not included in this suit. Bonds No. 3 to 8, inclusive, became due more than five years prior to the institution of this suit.

The petition for the establishment of the drainage district was filed September 19, 1921. Thereafter, certain proceedings were had pursuant to the provisions of §§ 6039 to 6070, C.O.S.1921, 82 Okl.St.Ann. § 281 et seq., including the issuance of the bonds. The petition, orders, and notices were defective in certain particulars by reason of errors and omissions. On February 10, 1923, and April 13, 1923, respectively, the county commissioners entered orders correcting these errors and omissions in the proceedings. On August 14, 1922, the drainage district entered into a contract with one O. M. Cole for the excavation work on a portion of the drainage construction. Cole agreed to receive bonds of the drainage district at par in payment for such work, and the bonds were delivered to Cole pursuant to such contract. No cash was paid for the bonds except an amount sufficient to pay the district organization costs.

The plaintiffs purchased the bonds in suit from a broker in St. Louis, acting for Cole. Plaintiffs did not know Cole was the owner of the bonds at the time they acquired them. They purchased the bonds for value, before maturity, on the faith of the recitals contained therein and a transcript of the proceedings before the board of county commissioners, which was duly certified by the county clerk of Oklahoma County and reflected such proceedings after the errors had been corrected and the omissions supplied by the orders above referred to, and without actual notice or knowledge of the corrective orders above referred to, of the actual records in the office of the county commissioners, or of any infirmity in the bonds. The contract with Cole was set forth in the certified transcript of the proceedings.

On June 2, 1928, the owners of lands within the district joined as defendants in the instant suit, instituted a suit in the district court of Oklahoma County, and procured a judgment enjoining the county officials of Oklahoma County and their successors in office from assessing or collecting special drainage taxes, interest, penalties, and costs upon the lands of such owners. Thereafter, the state court entered its order vacating the injunctive decree. The plaintiffs therein appealed to the Supreme Court of Oklahoma, gave a supersedeas bond, and obtained a stay of the order vacating the injunction. On March 26, 1935, the Supreme Court of Oklahoma, Nichols v. Bonaparte, 171 Okl. 234, 42 P. 2d 866, affirmed the action of the state district court, and on that date the injunction was discharged. The suit is still pending in the district court of Oklahoma County, Oklahoma.

Section 6070, C.O.S.1921, 82 Okl.St. Ann. §§ 372–382, provides for the issuance of such bonds and for the form thereof, including the recitals. The bonds in question are in substantial compliance with the form prescribed by the statute, and were duly registered by the county clerk of Oklahoma County. Section 6070, supra, further provides that "the only defense that can be offered against the validity of said bonds shall be forgery, or fraud, when such bonds have been registered as provided for in the preceding section of this act." 82 Okl.St.Ann. §§ 378, 379.

■ The board of county commissioners were clothed with statutory authority to establish the drainage district and issue drainage district bonds in the form of the bonds here sued on and to cause them to be registered by the county clerk. The defect in the Oklahoma State Drainage Act which caused the Oklahoma Supreme Court to hold the board of county commissioners without authority to establish the districts involved in Coyle v. Board of County Commissioners, 38 Okl. 370, 132 P. 1113, and Mullican v. Johnson, 77 Okl. 68, 186 P. 242, was cured by amendment. See Ch. 79, § 1, S.L.Okl.1910, § 13005, O.S.1931, 82 Okl.St.Ann. § 301, and Board of Com'rs of Rogers County v. Lipe, 45 Okl. 685, 146 P. 713. The bonds here sued on were issued under the act as amended.

■ Each bond recited "that all acts, conditions and things required to be done in locating and establishing said drainage district * * * and in the authorization, executing and issuance of this bond

were and have been legally had, done and performed."

The proceedings in locating and establishing the drainage district as reflected by the certified transcript of the proceedings were in all respects legal and regular.

The briefs do not cite, and a careful search on our part has not disclosed any Oklahoma decision dealing with the question of the effect of such recitals. We must look, therefore, to the general law on the subject. In Board of Education of Town of Carmen v. James, 10 Cir., 49 F.2d 91, 99, we said:

"It is well settled that, where a municipal corporation has lawful authority to issue bonds on condition that certain facts exist or certain acts be done, and the statute entrusts the power and imposes the duty upon an official or officials to ascertain, determine and certify the existence of such facts at the time of issuing the bonds, the certificate of such official or officials will estop the municipality as against a bona fide holder of such bonds from proving its falsity to defeat them (Independent School Dist. v. Rew [8 Cir.], 111 F. 1, 55 L.R.A. 364), where there is nothing on the face of the bonds to show that the recital is untrue (Gunnison County v. Rollins & Sons, 173 U.S. 255, 270, 271, 19 S.Ct. 390, 43 L.Ed. 689; Chaffee County v. Potter, 142 U.S. 355, 363, 12 S.Ct. 216, 35 L.Ed. 1040)."

It follows that the defendants are estopped to set up any irregularity in the proceedings locating and establishing the drainage district.

It is true that Cole agreed to accept bonds at par in lieu of cash for the excavation work on the drain, and that such fact was reflected in the certified transcript of the proceedings. However, the plaintiffs had no actual knowledge that the bonds were not sold for cash on the basis of par and accrued interest, and if the statutes required the bonds to be sold for cash on that basis the bonds recited that they were so sold. We deem it unnecessary to decide whether, notwithstanding the recital in the bonds that they were issued in strict conformity to law, the provisions of the Cole contract reflected in the certified transcript of the proceedings put the plaintiffs on inquiry at the time they purchased the bonds as to whether the bonds were in fact sold for cash. The bonds being duly registered according to law, the only defenses available against them are forgery and fraud.

The individual defendants pleaded the five-year statute of limitations. § 185, C.O.S.1921, § 101, O.S.1931, 12 Okl.St. Ann. § 95.

The bonds in suit were payable solely out of a special fund to be created by special assessments assessed and levied against lands in the drainage district. The law is well settled generally and in Oklahoma that where it is provided by law that municipal bonds or other municipal obligations shall be paid only out of a particular fund in a particular manner the statute of limitations does not begin to run until the particular fund has been provided. Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 80 F.2d 929, 931; Board of County Commissioners of Greer County v. Clarke & Courts, 12 Okl. 197, 70 P. 206; City of Sulphur v. State, 62 Okl. 312, 162 P. 744; Barnes v. Turner, 14 Okl. 284, 78 P. 108, 10 L.R.A.,N.S., 478, 2 Ann.Cas. 391. And it is incumbent upon a party to plead and prove that the fund has been provided for the payment of the obligation in order for him to invoke the statute of limitations. See Board of County Commissioners v. Clarke & Courts, supra. In the instant case the fact that the fund had been provided was neither pleaded nor proved.

Section 13028, O.S.1931, 82 Okl.St. Ann. § 401, provides that when a final judgment has been rendered in any federal court based on drainage district bonds, no execution shall issue upon the judgment, but that a tax shall be levied upon all the "lands, properties, and corporate bodies theretofore found to be benefited and assessed for the construction of the improvement of such drainage district, sufficient to pay such judgment, interest thereon and costs, and same shall be collected as other taxes, and when collected shall be paid by the county treasurer to the judgment creditor."

The lower court properly denied injunctive relief. However, if the proper officials fail to levy and collect the tax provided by Section 13028, O.S.1931, 82 Okl. St.Ann. § 401, plaintiffs will be entitled to the ancillary remedy of mandamus. Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 864, 96 A.L.R. 937; Dwyer v. Le Flore County, 10 Cir., 97 F.2d 823, 826.

The decree is affirmed.