Featherston *v.* Small *et al.*

——◆◆◆——

No. 8059.

FEATHERSTON *v.* SMALL ET AL.

| 77 | 143 |
| 129 | 518 |
| 77 | 143 |
| 130 | 222 |
| 77 | 143 |
| 135 | 374 |
| 136 | 82 |

JUDGMENT.—*Inferior Court.— Collateral Attack.*—The judgment of an inferior court can not be questioned collaterally, or the proceedings enjoined, on account of errors or irregularities which do not affect the jurisdiction.

SAME.—*Presumption.*—Where the court has jurisdiction to proceed, and does proceed, the same presumptions prevail in favor of its action and of the verity of its record as if its powers were general.

INJUNCTION.—*Public Ditch.—Notice.— Viewers.—Statute Construed.*—It is not cause for enjoining the letting of the work of cutting a ditch, under the act of March 9th, 1875, that the name of the plaintiff, as owner of land to be affected, was not in the published notices of the filing of the petition for the ditch, or that the viewers did not report the cost of cutting the same.

SAME.—*Land-Owners.—Notice.— Collateral Attack.*—The statutory requirement, that the notice contain the names of land-owners, is not absolutely mandatory, and the averment that the viewers did not report the cost does not necessarily mean that the record does not show such report, but only that the report was defective or forged, or like matters which can not be inquired into collaterally.

PLEADING.—*Evidence.—Identity of Names and Persons.*—Neither in pleading nor in evidence is identity of names conclusive of identity of persons.

SAME.—*Averment.*—It is not enough to aver in the present tense when the past is meant.

From the Tipton Circuit Court.

*J. O'Brien* and *M. Garrigus,* for appellant.

*D. Waugh,* for appellees.

Woods, J.—Action by the appellant to enjoin the appellees against letting the work of cutting a part of a ditch, under the act approved March 9th, 1875, 1 R. S. 1876, p. 428. Four reasons are alleged for asking the injunction :

*First.* Because no notice was given to the plaintiff by the auditor of the filing and pendency of the petition for a ditch, and of the assessments of benefits to lands along the route of the ditch, in any manner whatever, as contemplated by law ; that in any notices published the name of this plaintiff was wholly omitted.

*Second.* Because the affidavits of the viewers to their reports were made before a notary public who is one of the attorneys of the petitioners, and was not authorized to administer oaths and certify affidavits about a matter in which he was an attorney for the party in interest.

*Third.* Because the viewers did not report the cost of cutting the ditch per cubic yard or lineal rod or foot of earth required to be excavated to complete the construction of the ditch.

*Fourth.* Because the ditch runs through two civil townships of Tipton county, viz., Liberty and Prairie, and the auditor did not cause notices to be posted in but one township, and proof thereof to be made of the filing and pendency of the petition, and of the reports of the viewers, etc.

This action constitutes a collateral attack upon the record and judgment of the board of commissioners, in a proceeding over which, if the proper steps were taken, the board had jurisdiction. It is now the well established doctrine of this court, declared in a long and increasing line of cases, that such an attack can not be maintained on account of mere errors or irregularities, which do not affect the jurisdiction of the tribunal. The judgment of an inferior court, upon a matter which it has acquired the right to pass judgment upon, is as conclusive as the judgment of a court of general jurisdiction. *Stoddard* v. *Johnson,* 75 Ind. 20.

Featherston *v.* Small *et al.*

Once it appears it had jurisdiction to proceed, and did proceed, the same presumptions prevail in favor of the action and record of the inferior as of the superior court; and the verity of its record, and the presumptions which support it, are alike indisputable in any collateral way.

In the light of these principles, it is not clear that the complaint makes a case for an injunction for any of the reasons stated.

The essence of the first reason is, not that the plaintiff was not notified in any way of the pending petition and of the time when it would be heard, but that her husband's name, instead of her own, was inserted in the published notices. This is the inference from the entire complaint, and such was the proof at the trial. The requirement of the statute is, that the "notice shall contain a pertinent description of the terminus of such proposed work, its direction and course from its source to its outlet, and the names of the owners of the lands that will be affected thereby." This requirement is in terms unqualified. It must be the names of the owners, whether they are known or not, and whether the ownership appears by the record, by unrecorded deed, by devise, descent, or by limitation or estoppel. A literal and mandatory construction of the statute would make all procedure under it difficult, if not impracticable; and to give such construction, and at the same time to hold the proceedings invalid and assailable collaterally on account of a misstatement of the ownership of a piece of affected land, would make the law an instrument of injustice in the hands of the cunning and unscrupulous, whereby, escaping their own just proportion of the burden, they could procure the improvement of their property at the expense of others.

The statute concerning the laying out of highways requires that the names of the owners, occupants or agents of lands through which a proposed highway may pass, be set forth in the petition therefor, and that notice thereof be given; but it

has been held that an order for the establishment of a highway is not void or subject to collateral attack because, in the petition and notice, the christian names in full were not given, but only the initial letters of the names, of some of the landowners, and others were described as "Waldron heirs," and yet others as "Bryant heirs." *Miller* v. *Porter*, 71 Ind. 521; *Porter* v. *Stout*, 73 Ind. 3. The principle involved in these decisions applies with equal force to the case in hand.

The second objection does not affect the validity of the proceedings, and does not require us to decide whether a notary public is competent to administer an oath in a matter wherein he is an attorney. Identity of names is not conclusive proof of identity of persons; and therefore, though the name of the notary who administered an oath to the viewers may be the same as an attorney of record in the procedure, it is not a fact apparent in the record that the notary and the attorney were one; and, if the notary's act in such case were conceded to be invalid, the fact that he was an attorney of the petitioners not being apparent of record, the presumption indulged in favor of the action of the board is enough to sustain the proceedings when assailed collaterally. But, besides this, the averment is in the present tense, and therefore does not show, that, when he administered the oath to the viewers, the notary was the attorney of the petitioners.

The third ground of objection to the proceedings is also defectively stated. It may be true, that, without a report of viewers upon "the average cash value of the construction per lineal rod, cubic yard or foot of earth," etc., the board of commissioners had no power to proceed to make allotments of the work; and, if the record were silent on the subject, or showed affirmatively the want of such estimate, and of a report thereof, the allotment might be shown to be void, and the letting of contracts thereunder be enjoined. But, in the absence of a contrary averment, the presump-

tion is in favor of the record. The allegation that no such report was made must be construed as meaning, not that there was no record or finding of such report, but that the report shown by the record was defective and insufficient, or was forged or obnoxious to some other objection ; and, manifestly, a collateral attack can not be permitted on such grounds. The complaint is insufficient in this respect, however, for another reason. It is averred that there was no report of the cost "per cubic yard, or lineal rod or foot," while the law requires an estimate "per lineal rod, cubic yard or foot." The issue tendered was therefore immaterial.

Whether the fourth reason is in itself a sufficient cause for an injunction, we need not consider. The proof showed without conflict or dispute, and in answer to a special interrogatory the jury found, that the required notices were posted in both townships. In view of the points decided, the other questions discussed by counsel become entirely immaterial.

The judgment is affirmed, with costs.