## STRAHAN *et al.* v. TOWN OF FT. GIBSON *et al.*

.No. 3192.   Opinion Filed October 13, 1914.

(143 Pac. 674.)

1. **MUNICIPAL CORPORATIONS—Street Improvements—Necessity of Petition.** Where the authority of a board of trustees to order the construction of street intersections depends upon the filing of a petition by ten or more citizens, the filing of such petition is jurisdictional, and the want of the filing of such petition makes the whole proceeding void.

2. **SAME.** Where the statute is silent as to the requiring of a petition or consent of a portion of the citizens or property owners before ordering the improvement of intersections in towns and villages, the municipality has the power to require, by ordinance, that a petition be filed by ten citizens in order to confer jurisdiction upon the board of trustees.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Muskogee County;*

*R. P. de Graffenreid, Judge.*

Action by Kent Strahan and another against the Town of Ft. Gibson and others.   Judgment for defendants, and plaintiffs bring error.   Reversed and remanded.

Strahan et al. v. Town of Ft. Gibson et al.

*W. D. Halfhill* and *S. V. O'Hare,* for plaintiffs in error.

*William T. Hutchings* and *W. P. Z. German,* for defendants in error.

Opinion by RITTENHOUSE, C.   On the 5th day of April, 1911, plaintiffs filed their amended petition praying for an order restraining defendants from issuing tax warrants in payment of street improvements at the intersection of certain streets in the town of Ft. Gibson.   On September 23, 1911, and by agreement of all parties, a temporary injunction was at that time granted, and the cause was immediately heard on motion to dissolve said temporary injunction.   Answer was filed by the defendants, and on the same day the temporary injunction was dissolved by the court and the cause brought here for review.

Sections 860, 861, 862, 863, 942, 977, and 978, Comp. Laws 1909 (sections 698-701, 710, 711, Rev. Laws 1910), provide the manner and form in which special improvements may be made in cities, towns, and villages, the manner in which the special assessments shall be levied and warrants issued, and under these sections the town of Ft. Gibson passed an ordinance providing for the construction of sidewalks according to the established grades of the town of Ft. Gibson at and across the different street intersections and levying a special assessment to pay for such improvement on the different lots adjoining said intersections, which ordinance reads as follows:

"Special Tax:   That all sidewalks hereafter constructed or repaired, where such repairs cost as much as building the same, upon any of the streets, avenues or alleys of said town at, along or across any other street, avenue, alley or other public ground at their intersection, shall be by special assessment upon all of the lots, blocks and pieces of ground abutting said streets so improved.   Provided, that in case said improvement shall not extend over the whole length of said street, then and in that event the assessment herein levied shall extend to and be made a lien on the lots or piece of ground for one-half of a block beyond the last intersection improved.

"Petition:   For Improvement of Intersections.—That upon filing of a petition signed by ten or more citizens of the town of

Ft. Gibson, praying for the improvement of the street and alley intersections, along any one or more of the streets, avenues or alleys of said town the board of trustees may, if in their judgment the same be necessary, determine the kind of improvement best adapted for the particular intersection to be improved, and contract with some responsible party for the construction of the same, at a price, not to exceed the actual cost of labor and material, obtained at the market price, used in said construction, and issue tax warrants for the cost of the same as hereinafter provided. Provided, that in no case shall the town be liable for the amount of any such tax warrants from any of the funds of said town or otherwise until the amount of said assessment therein shall be collected from the property described in said warrant or the property exhausted.

"Inspection: All such work shall be done under the supervision of the sidewalk inspector and no part thereof shall be accepted by the board of trustees until after he shall have filed with them his approval.

"Apportionment of Assessment: Immediately upon the completion of any part of said work and its acceptance by the board of trustees, it shall be the duty of the town marshal to calculate the amount of tax on any lot, block, or piece of ground and file a statement thereof with the town clerk, who shall cause the owner of such lots or pieces of ground to be served personally written or printed notice of the amount of said assessment and that a day certain, at least ten days from the date of service of said notice, had been set when the board of trustees will hear and determine any complaint or objection to said assessments. Provided, that if no owner or agent can be found, the want of service shall not invalidate the assessment and a copy of said notice shall be posted in some conspicuous place on the premises.

"But each copy of said notice, with a return thereon showing the person upon whom service was made shall be filed in the office of the clerk of said town.

"Assessment Due and Payable: Immediately after this date set for said hearing, unless the same be postponed and then immediately after the date to which it is postponed, the total amounts determined upon shall become due and payable and if not paid within five days from said date the said town may issue

a tax warrant for said amount which shall be a lien against the property therein described.

"Tax Warrant: Such tax warrant shall be filed with the clerk of the town and a notice of its issuance shall be published in some paper located in said town, for four weeks, or by posting at least four notices in at least four conspicuous places in said town for the same length of time, if no paper is published in said town, and if at the expiration of said notice the amount named in said warrants, with fees of clerk and costs of publication, shall not be paid, said fees and costs with a penalty of twenty-five per cent. shall be added to said tax warrant aforesaid, and made a part of the original assessment and collected as a part thereof, and the town clerk shall list each of the tax warrants as aforesaid, with a full description of the property therein, with all costs penalties thereon, and present the same to the county clerk of Muskogee county at the time when said clerk shall transmit the annual levy of said town.

"Emergency: That for the preservation of the public peace, health and safety, an emergency is hereby declared to exist by reason of which this ordinance shall take effect and be in force from and after its passage, approval and publication."

It will be noted from a reading of section 2 of said ordinance the improvement of intersections can only be made upon the filing of a petition signed by ten or more citizens of the town of Ft. Gibson, praying that such intersections be improved. Before the town council of Ft. Gibson would have the power or authority to order the improvement of the intersections, a petition signed by ten or more citizens of said town praying for such improvement would have to be filed with the board of trustees of said town. The filing of such petition is jurisdictional, and the absence of such petition makes the whole proceeding void.

It is said by Dillon on Munic. Corp. (section 1454):

"Where the *power* to pave or to improve depends absolutely upon *the assent or petition of a given number or proportion* of the proprietors to be affected, this fact is *jurisdictional,* and the finding of the city authorities or council that the requisite number had assented or petitioned is not, in the absence of legisla-

tive provision to that effect, conclusive; the want of such assent makes the whole proceeding void, and the non-assent may be shown, in the absence of estoppel, as a defense to an action to collect the assessment, or may, it has been held, be made, in cases proper for equitable relief, the basis for a bill in equity to restrain a sale of the owners' property to pay it. Accordingly, where a charter provided that 'the city council should have full power to procure all streets to be improved in any manner they may deem advisable at the expense of the property owners; and that a petition in writing to the council of the owners of the larger part of the ground between the points to be improved should be sufficient to authorize the council to contract for such improvements; provided, further, that the council, by a vote of all the members elect, may cause such improvements to be made without petition or consent,' it was held that an ordinance authorizing such work, not enacted at the instance of the property holders, nor on the unanimous vote of the council, was insufficient to fix liability of the lot owners."

The several sections of the statute above referred to delegate to the boards of trustees of towns and villages the authority to order the improvements in question, leaving it to such board to adopt the procedure necessary to give it force. The statute being silent as to the requiring of a petition, or consent of a portion of the citizens or property owners, before ordering special improvements of intersections in towns and villages, it was within the power of the board of trustees to require that, before such improvements should be ordered, a petition of ten citizens or property owners should be filed with the board of trustees before such improvements would be ordered. It is conceded that the ordinance requiring a petition signed by ten citizens is a valid ordinance, and therefore, being valid, it is as binding on the inhabitants of the municipality as if passed by the Legislature of the state. It is said in McQuillan, Munic. Corp. section 643:

"The municipal ordinances and the state statutes are from a common source of authority. One class presents it in a delegated and the other in a direct form, 'but it is the power of the state which speaks in both.' 'The passage of an ordinance is, of course, a legislative act.' "

The filing of a petition as required by section 2 of the ordinance is a condition precedent to the right to order such improvements, and, in the absence of such petition, the acts of the board of trustees in ordering the same are void.

The cause should, therefore, be reversed and remanded.

By the Court: It is so ordered.