## LOWERY v. WATER IMPROVEMENT DIST. No. 5, TULSA COUNTY, et al.

No. 17321—Opinion Filed Dec. 21, 1926.

(Syllabus.)

1. **Statutes—Constitutional Scope of Legislation.**

Under section 36, article 5, of the Constitution of Oklahoma, the authority of the Legislature shall extend to all rightful subjects of legislation.

2. **Municipal Corporations—Additional Indebtedness Authorized for Municipally Owned Utilities—Effect of Constitutional Provision.**

Section 27, article 10, of the Constitution of Oklahoma is a grant of power to incorporated cities or towns of this state and is not a limitation upon the Legislature preventing it from conferring such powers on other municipal corporations.

3. **Waters and Water Courses—Creation of Water Improvement District Under Statute—Sufficiency of Notice to Landowners.**

Although the Legislature could not dispense with notice to landowners of a proposed water improvement district attempted to be created under the provisions of chapter 145, Session Laws 1925, yet it has a wide discretion in determining the kind of notice to be given. Said notice should be such as would reasonably and fairly apprise the landowner of the pendency of the proceedings so as to give him an opportunity to be heard on the merits. Notice by publication, consisting of two successive insertions in a paper of general circulation in the county in which the land is located, is sufficient to constitute due process of law.

4. **Same—Constitutional Provision as to Assessments for Local Improvements.**

Under the provisions of section 7, article 10, of the Constitution of Oklahoma, the Legislature may authorize county and municipal corporations to levy and collect assessments

for local improvements upon the property benefited.

**5. Same—Validity of Proceedings of Board of Directors of Water Improvement District Held Outside District but at County Seat.**

Proceedings had by the board of directors of a water improvement district, as authorized by chapter 145, Session Laws 1925, are not irregular and void, because the meetings of said board were held in the county seat of said county and not within the confines of the water improvement district.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by E. E. Lowery against Water Improvement District No. 5, Tulsa County, et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Fair & Crouch, for plaintiff in error.

Allen, Underwood & Smith, for defendants in error.

MASON, J. This was a suit in equity commenced by the p'aintiff in error as a landowner in water improvement district No. 5. Tulsa county, for the purpose of having chapter 145 of the Session Laws of 1925 and all acts taken by the defendants, board of county commissioners, and the board of directors of said district, and O. G. Weaver, as county clerk, in the creation of said district adjudged to be unconstitutional and void, and for the further purpose of enjoining the defendants from levying or attempting to levy against the property of the plaintiff any assessment or amount for the costs of any proposed water distribution system within said district.

The defendants filed answer, which consisted of a general denial of all allegations contained in the petition.

The cause was submitted to the trial court on an agreed statement of facts, which we deem unnecessary to set out here, but which showed a substantial compliance with the provisions of chapter 145, Session Laws 1925, in the organization of said water improvement district. The defendants also offered evidence to the effect that the property of the plaintiff would be benefited by the creation of such water improvement district.

The court made extensive findings of fact to the effect that each and every requirement of chapter 145, Session Laws 1925, had been complied with in the formation of said district; that said act of the Legislature was not unconstitutional; that the property of the plaintiff was accessible to the proposed water lines in said district and that the plaintiff could and would receive benefits from the construction of said improvements; that the assessments levied against the various lots, parcels, and pieces of property located in said district, including that of the plaintiff, were upon the equitable basis of benefits to each of said tracts, and that the amount of assessments against plaintiff's property, to wit, $22.30, did not exceed the benefits to his property. The court then rendered judgment for the defendants, from which the plaintiff has perfected his appeal.

Chapter 145, Session Laws 1925, is an act authorizing counties to create water improvement districts to supply water for domestic, irrigation, and other purposes to the inhabitants in the district; creating a board of directors to manage such districts; prescribing their duties; providing for the construction of water distribution lines and other improvements, and providing for the levying and collecting of special assessments and the issuance and payment of bonds to pay for said improvements and providing the procedure therefor.

A majority of the holders of title to lands subsequently embraced within the limits of water improvement district No. 5, Tulsa county, filed a petition with the county clerk of said county to organize a water district under the provisions of chapter 145, Session Laws 1925. The clerk, under the provisions of section 3 of said act, set the petition down for hearing and gave notice thereof by publication in the Tulsa Tribune, a paper printed and of general circulation in Tulsa county. Although the act does not specify the length of time said notice shall be published, the same was published in two issues of said paper, one week apart. The other provisions of said act were complied with, relative to the organization of said district, the adopting of the plans and specifications for said improvements, the appointment of appraisers who appraised and apportioned the benefits to each tract or parcel of land, and the contract was awarded to the defendant H. L. Cannady Company, and notice was published as required by section 15 of said act appointing a time to hear and determine complaints or objections concerning said appraisement and apportionment of the expense of constructing said water-works system. The plaintiff in error, E. E. Lowery, within proper time, objected to the assessment as made against his land located in said district upon the ground that the act authorizing the creation of such district was un-

constitutional, and on the further ground that his land would not be benefited in any manner by said improvements. His protest was denied, and he then commenced this action in the district court of Tulsa county, which, as above set forth, rendered judgment against him, and from which he has duly perfected his appeal.

For reversal, plaintiff in error contends that chapter 145, Session Laws 1925, is unconstitutional. It is insisted that the furnishing of water being a public utility, the Legislature cannot confer jurisdiction on municipalities, other than cities and towns, to purchase or construct water mains and distribution systems by reason of the provisions of section 27, article 10, of the Constitution of Oklahoma, which provides:

"Any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city: Provided, that any such city or town incurring any such indebtedness requiring the assent of the voters as aforesaid, shall have the power to provide for, and, before or at the time of incurring such indebtedness shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

Under the provisions of section 36, article 5, of the Constitution of Oklahoma, the authority of the Legislature shall extend to all rightful subjects of legislation.

Section 27, article 10, of our Constitution is a grant of power to cities and towns, and is not intended as a limitation on the powers of the Legislature. In State ex rel. Edwards v. Millar, Mayor, et al., 21 Okla. 448, 96 Pac. 747, this court, in construing section 27, supra, held:

"The evident object and purpose of section 27, supra, is primarily to empower the incorporated cities and towns of this state by a majority of the qualified taxpaying voters voting at an election held for such purpose to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing or constructing public utilities or for repairing the same, to be owned exclusively by such municipalities, and it is the duty of the court, if possible, to so construe the provision as to carry out its pur-

pose. The construction of a constitutional provision must not be so strict or technical as to defeat the evident object and purpose of its adoption."

And further on in the body of the opinion, the court said:

"Applying the above rules to the case at bar we are irresistibly led to the conclusion that section 27, article 10, supra, is a grant of power to the people of the municipalities of the state and not a limitation upon the Legislature."

We must conclude that the act under consideration is not in conflict with the provisions of section 27, article 10, of the Constitution.

It is next urged that said act is unconstitutional for the reason that section 3 thereof fails to fix any definite time for the publication of the notice of hearing on the petition to create such a water improvement district. Said section 3 refers to the organization of such water improvement districts, and provides, among other things, that upon the filing of a petition signed by not less than a majority of the holders of title to lands desiring to be embraced within such a district the county clerk shall cause said petition to be set down for hearing and shall give notice thereof by publication in a newspaper printed and of general circulation in the county, stating that any person may appear and protest the organization of the district. Said act does not provide for the number of publications in which the notice shall appear, but the stipulated facts herein disclose that the notice in the instant case was published in two issues of the Tulsa Tribune, a paper of general circulation in said district and county. No contention is made that the plaintiff did not have notice of said hearing.

In Riley v. Carico, 27 Okla. 33, 110 Pac. 738, this court, in considering a similar question relative to the creation of a drainage district, held:

"The Legislature has a wide discretion in determining the kind of notice to be given, though not having the power to dispense with all notice.

"(a) The notice should be such as would reasonably and fairly apprise the landowner of the pendency of the proceedings so as to give him an opportunity to be heard on the merits.

"(b) Notice by publication, consisting of two successive insertions in a paper of general circulation in the county in which the land is located, is sufficient to constitute due process of law."

The notice in the instant case, in our opin-

ion, was reasonable, and the act is not unconstitutional by reason of its failure to specify the number of publications required of such notice.

Plaintiff in error next contends that said water improvements are not a corporate purpose for which a county can levy taxes or assessments. In support of this assignment, plaintiff in error cites Wetherell v. Devine (Ill.) 6 N. E. 24, which announces the following rule:

" 'A tax for a corporate purpose' has been defined to be 'a tax to be expended in a manner which shall promote the general prosperity and welfare of the municipality which levies it.' "

Plaintiff then insists that. inasmuch as said assessments are levied by the board of county commissioners and collected by the county taxing authorities, it is incumbent upon such authorities levying the assessment to levy the same on all parties in the county and not upon the individuals only who may own property within the limits of said district. We see no merit in this contention by reason of the provisions of section 7, article 10, of the Constitution of Oklahoma, which provides:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation."

Plaintiff next contends that his land is wholly unimproved and not physically located so that he would be benefited by the proposed water improvements, and that, therefore, assessments against his land would be void.

We deem it unnecessary to go into the legal phase of this assignment, as this was a question of fact submitted to the trial court and upon which the plaintiff introduced no evidence, but the defendants introduced evidence to the effect that his land would be benefited and enhanced in value. The trial court made a special finding that the land of the plaintiff would be benefited by such improvement, and under this state of the record such finding will not be disturbed by this court on appeal.

Plaintiff also urges that chapter 145, Session Laws 1925, is unconstitutional and void for the reason that it authorizes the board of directors to contract an indebtedness for an improvement without an election, contrary to section 26, article 10, of the Constitution of Oklahoma, which provides:

"No county, city, town, township, school district, or other political corporation or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness; Provided, that any county, city, town, township, school district, or other political corporation, or subdivision of the state, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

In a bond issue like the one here involved, it is necessary, of course, to submit the proposition to a vote and to provide for a sinking fund, etc., but an examination of the stipulation in the instant case discloses that these requirements were met in detail.

The next and last assignment urged by the plaintiff in error for reversal of the judgment of the trial court is that all of the proceedings had in the organization of said district are irregular and void for the reason that the meetings of the board of directors were held without the confines of the district. No argument is advanced in support of such contention and no authorities are cited, and we know of no rule of law which would support the same.

Under the provisions of section 6 of said act, the board of directors must make a quarterly report to the board of county commissioners; under section 7 of said act, the board of county commissioners may prescribe rules and regulations for the operation of said district by the board of directors, and under section 13 of said act it is provided that the county commissioners must confirm the final plans and cost price of said project. In fact, it is apparent from said act that the improvement district must, at all times, be carried on under the supervision of the county commissioners, who appoint the members of the board of directors of said district and confirm all the acts of said board. In addition to this, the act requires the board of directors to deposit

daily all funds received with the county treasurer. It might be that in some cases the board of directors should hold their meetings within the confines of the district, yet, under the conditions just set forth, such proceedings, in our opinion, would not be irregular or void because said meetings were held in the county seat and without the confines of the district. This is especially true where the district, as in the case at bar, lies close to the county seat and where, as here, there is no town or village in the district where such meetings might be held.

From an examination of the entire record herein, we are of the opinion that the judgment of the trial court should be, and the same is hereby affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HUNT and RILEY, JJ., concur.

LESTER, J., dissents.

Note.—See under (1) 36 Cyc. p. 944. (2) 28 Cyc. p. 1548. (3) 40 Cyc. p. 818. (4) 15 C. J. p. 420, §51 (Anno); 28 Cyc. p. 1103; anno. 28 L. R. A. (N. S.) pp. 1168-1171; 25 R. C. L. p. 95; 3 R. C. L. Supp. p. 1402; 5 R. C. L. Supp. p. 1311. (5) 40 Cyc. p. 821 (Anno).