**PRICE et al. v. WATER DIST. NO. 8 et al.**

No. 21145.   Opinion Filed Dec. 16, 1930.

Harry L. S. Halley and E. P. Hicks, for plaintiffs in error.

Allen, Underwood & Canterbury, for defendants in error.

ANDREWS, J.   The plaintiffs in error (hereinafter referred to as plaintiffs) filed an action in the district court of Tulsa county against the defendants in error (hereinafter referred to as defendants) to enjoin the levying of assessments against the property of plaintiffs in water district No. 8, Tulsa county, to have said water improvement district declared to be nonexistent, to remove any cloud on the property of the plaintiffs caused by the creation of the water improvement district, to enjoin the attempted levying of assessments thereon, and for other relief.

. Water district No. 8, Tulsa county, Okla., was organized under the authority conferred by chapter 145, S. L. 1925, which authorizes counties to create water improvement districts, to provide for the construction of a water distribution system, to obtain, supply, transport, and distribute water, and to levy and collect assessments upon the property benefited by such water improvements, homesteads included, without regard to cash valuation. The provisions of the act relating to the organization of such water improvement districts, where no incorporated town is embraced within the limits of the proposed district, are as follows:

. There shall be filed with the board of county commissioners a petition, signed by not less than a majority of the holders of title to lands desiring to be embraced in a water improvement district. (The necessary allegations of the petition are set forth in the act, but it is not necessary for us to consider the allegations thereof, for the reason that they are not within the issues in this case.) Upon the filing of such a peti-

tion the county clerk shall cause the petition to be set down for hearing and shall give notice of the hearing by publication in a newspaper printed and of general circulation in the county, stating that any person may appear and protest the organization of the district. The board of county commissioners is given exclusive jurisdiction to hear and determine all protests to the creation of such district and all matters pertaining to the same. The board of county commissioners shall determine whether the formation of the district will be conducive to the public health and welfare of the said proposed district, and if said board so determines, it shall call an election of the qualified electors in the territory comprising the proposed district on the question of whether said district shall be organized.

The legislative intent shown by the act is, as contended by plaintiffs, that the petition must be signed by not less than a majority of holders of title to lands within the proposed water improvement district. In every instance there would be a question of fact as to whether or not the petition is signed by not less than a majority of the holders of title to lands within the proposed water improvement district. Of necessity there must be some method for determining that question. The county clerk is given no authority to make the determination. His duty to set the petition for hearing and give notice of the hearing is purely ministerial and he has no authority to determine whether or not the petition is sufficient. Under the terms of the act the board of county commissioners is given authority to hear and determine all protests to the creation of such district and all matters pertaining to the same.

The plaintiffs contend that the board of county commissioners is without jurisdiction or authority to pass upon the sufficiency of the petition and that its action in finding the petition sufficient is a nullity. Since the act provides that the board of county commissioners shall have exclusive jurisdiction to hear and determine all protests to the creation of such district and all matters pertaining to the same, it has jurisdiction and authority to pass upon the sufficiency of the petition or the sufficiency thereof can be determined only by a court. Notice of hearing gave opportunity to protest the organization of the district. That carried with it the right to there assert that the district should not be organized for the reason that the petition filed was insufficient. The giving of exclusive jurisdiction

to the board of county commissioners to hear and determine all protests to the creation of such districts includes the jurisdiction to hear and determine a protest to the creation of the district on the ground that the petition therefor was not signed by a majority of the holders of title to lands within the proposed district.

To give the act the construction contended for by plaintiffs is to say that the Legislature intended that a petition filed with the board of county commissioners for the organization of a water improvement district must be determined to be valid by a court of competent jurisdiction before the board of county commissioners can proceed under the authority granted by the act. We cannot sustain that contention. We hold that, under the authority conferred by the act, the board of county commissioners is authorized to determine the sufficiency of the petition filed with it.

The California case, Mulligan v. Smith, 59 Cal. 266, relied upon by the plaintiffs, is not in point. That decision was based upon the fact that the statute there considered failed to provide the parties in interest an opportunity to be heard upon the sufficiency of the petition on which the whole proceeding was made to depend.

In Spaulding v. North San Francisco Homestead & R. R. Ass'n, 87 Cal. 40, 24 Pac. 600, that court said:

"Even if, as seemingly suggested by counsel for appellant, the act referred to does not provide in express terms for any determination of the matter of a petition, clearly, where a board is empowered to receive a petition and is invested with discretion in regard to the subject-matter, it has the implied power to determine whether it shall be granted or not. The law makes it the duty of the board, upon receiving a proper petition for the grading of a street, to publish a resolution of its intention to perform the work, and thereafter make an order that it shall be done. Can it be reasonably contended that, if a petition sufficient upon its face should pray for the grading of a street already graded, the board would have to perform the idle ceremony of publishing a resolution of intention to perform the work, and order the same to be done, regardless of the falsity of the apparent necessity of the grading shown by the petition? Assuredly not. To determine the necessity for the work requires the exercise of judgment on the part of the board, and, in order to properly reach the consideration of this fact, it would first have to determine whether the petition were sufficient or not.

"The amount of frontage owned or possessed by the petitioner being, then, one of the jurisdictional facts that the board had to pass upon, its determination of the same in favor of the petitioner is and was conclusive against the collateral attack of appellant at the trial."

On rehearing, 87 Cal. 40, 25 Pac. 249, it was urged the decision was in conflict with Mulligan v. Smith, supra. In answer to that contention the court distinguished the cases and said:

"But, after argument on rehearing, and mature consideration, we are satisfied with the conclusions reached in department. Mulligan v. Smith, and Kahn v. Supervisors, arose upon a special statute which did not provide for an adjudication of the jurisdictional fact that a majority of the frontage of lots fronting on the work proposed to be done was represented by the owners thereof in a petition for the work; and did not provide for a hearing to any of the owners of such frontage on that issue."

The act in question here provides that the county clerk shall cause the petition to be set down for hearing and shall give notice of the hearing, as therein provided, and that any person may appear and protest the organization of the district. Not only is every holder of title to land within the proposed water improvement district given the right of protest and hearing on his protest, but, under the provisions of section 5834, C. O. S. 1921, they have a right of appeal to the district court.

The case of Coyle v. Board of County Commissioners, 38 Okla. 370, 132 Pac. 1113, dealt with the sufficiency of the allegations of the petition, and not the signatures thereto. The case of Mulligan v. Johnson, 77 Okla. 68, 186 Pac. 242, is to the same effect. Those cases dealt with the provisions in the statute requiring a petition to be sufficient upon its face and leaving nothing to be determined by the board of county commissioners. The act in question here provides for the determination of the question of whether or not the petition is signed by the proper number of persons. Those cases are not in point.

In Strahan v. Town of Ft. Gibson, 44 Okla. 79, 143 Pac. 674, the ordinance considered required the signatures of ten or more citizens to a petition for the construction of street intersections. The town voted to proceed without the signatures of any citizens.

In Eames v. Board of Commissioners, 199 Pac. 970, the Supreme Court of Utah had under consideration a case where the statute

required the signatures of 50 or a majority of owners. The board of commissioners found that neither 50 nor a majority of owners signed the petition, but proceeded with the organization of the district.

We do not consider it necessary to analyze the other cases cited by the plaintiffs, as none of them are in point.

In Lowery v. Water District No. 5, 122 Okla. 116, 251 Pac. 748, this court held that water improvement districts, under the act in question, were authorized by section 7, art. 10, of the Constitution, and that the improvements thereunder were not within the meaning of section 27, art. 10, of the Constitution. It is here urged by the plaintiffs that those improvements are in violation of section 26, art. 10, of the Constitution. We cannot so hold.

Plaintiffs contend that there was error in the trial court refusing to permit the evidence tending to show that the board of county commissioners had at no time made an investigation of the sufficiency of the petition. That was a collateral attack upon the finding of the board of county commissioners. The authority of the board of county commissioners to determine the sufficiency of the number of signers to the petition carried with it the authority to do so rightfully or wrongfully. The remedy of the plaintiffs was by appeal rather than by a collateral attack, as it was attempted in this case.

When the organization of a water improvement district is attacked in a collateral proceeding, the court may determine only two things: First, did the board or tribunal designated by the statute have jurisdiction to act? and, second, did it act? The board of county commissioners of Tulsa county is the board designated under chapter 145, supra, to act. It was therein authorized to hear and determine all protests against the creation of the district. It heard the protests of plaintiffs and determined them against the plaintiffs. The remedy of the plaintiffs was to appeal to the district court. They did not do that, but thereafter sought to attack the proceedings collaterally in the district court.

There was no error on the part of the trial court in denying plaintiffs the relief sought by them, and the judgment of that court is affirmed.

LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and CLARK, J., absent.