ALFORD, Treas., et al. v. KERBO.

*98 P. 2d 614.*

No. 28701.   Jan. 23, 1940.

J. Berry King and George J. Fagin, both of Oklahoma City, for plaintiffs in error.

Roy Glasco, of Purcell, for defendant in error.

RILEY, J. This is an appeal from a judgment and decree of the district court of McClain county, enjoining the collection of special assessments levied to pay the costs of the construction of a drainage project.

The action was commenced by the defendant in error, hereinafter referred to as plaintiff, against the county treasurer, county clerk, and the board of county commissioners of McClain county and J. C. Montooth, drainage commissioner of Criner creek drainage district No. 2, of McClain county.

He attacks the validity of the special assessments made against 120 acres of his land in section 27, township 6 north, range 4 west, I. M., consisting of two 40-acre tracts and two 20-acre tracts, upon the ground that no valid notice had been given and published of the hearing of report of the viewers and surveyor as required by section 6050, C. O. S. 1921, sec. 13012, O. S. 1931, title 82, sec. 310, Okla. Stat. Anno.

The Fidelity National Bank of Oklahoma City, owner of a large block of the bonds of said drainage ditch, upon

leave of court, intervened and is herein considered and referred to as a party defendant, and the principal defense is made by said defendant.

By its plea it alleged in substance that the Criner creek drainage district No. 2 was regularly and legally organized and established. The pleadings and exhibits set forth substantially all the proceedings in the organization of the drainage district after the filing of the original petition therefor down to the order confirming the assessments.

It is alleged and admitted that plaintiff was one of the signers of the original petition for the creation of the drainage district.

The proceedings appear to be regular in all respects except that in the report of the second viewers called for by section 6048, C. O. S. 1921, wherein it requires that such viewers make a "schedule of all lots and lands and of public corporate roads and railroads, together with the names and residences of the owners, that will be benefited or condemned by or for the improvements, and the damage or benefit of each tract of 40 acres or less, * * *" said schedule so prepared set opposite the two 40-acre tracts and the two 20-acre tracts owned by plaintiff and here involved "Smith Mfg. Co.," as the owner instead of G. N. Kerbo, the true owner.

Section 6050, C. O. S. 1921, 1312, O. S. 1931, 82 Okla. Stat. Ann. § 310, requires the county clerk, upon the filing of the report of the viewers, to set the matter for hearing, and:

"* * * issue, in the name of the state a notice, directed by name, to every person returned by the surveyor and viewers as the owner of any lot or parcel of land affected by the proposed improvement, or of any interest therein, and also by name to all others who it may be ascertained own such land or any part thereof, or any interest therein, and also generally to all other persons, without mentioning their names, who may own such land or any *part thereof or any interest therein, notifying them of the general object*

*and nature of the petition and report of the surveyor and viewers, etc. * * *"*

This notice was issued and published as directed by the statute. But inasmuch as the name of the owner of the four tracts here involved was incorrectly set forth in the report of the viewers, it was likewise incorrectly given in the notice.

The trial court held in substance that this error rendered the notice void as to plaintiff and the assessments against said tracts of land invalid, and canceled same and enjoined the enforcement and collection thereof, and defendants appeal.

There are seven assignments of alleged error. They are presented under four propositions.

The first is that plaintiff was estopped from enjoining the collection of the assessments.

The second is that plaintiff is barred by laches.

The third is that the court erred in permitting plaintiff to present evidence as to lack of benefits from the construction of the drainage ditch.

The fourth is that plaintiff had ample notice of the proposed levying of assessments.

If, under the fourth proposition, the notice as given and published was sufficient and valid, it will not be necessary in this case to discuss the first three propositions.

Defendant earnestly contends that the notice published complied strictly with the provisions of section 6050, supra.

Upon this point they cite the general rule as stated in 19 C. J. 650, that:

"The notice must be such as will reasonably apprise the landowner of the pendency of the proceedings, so as to give him an opportunity to be heard on the merits. The statutes must be substantially complied with, but jurisdiction will not be defeated by merely technical defects. The notice must de-

scribe the lands to be affected, and under some statutes it must state the beginning, route, and terminus of the drain, or give the boundaries of the drainage district, but the details of the plans for drainage need not be set out. The names of the landowners must, in some jurisdictions, be set out in the notice, but in other jurisdictions, this is not required."

Davis v. Board of County Commissioners of Lincoln County, 45 Okla. 284, 137 P. 114, holds that the notice of hearing which did not contain in appropriate columns a tabulated description of every lot or parcel of land to be affected was void.

The notice in this case complied with said requirement.

Defendant also cites Riley, Co. Clerk, v. Carico, 27 Okla. 33, 110 P. 738, where it is held that the Legislature has wide discretion in determining the kind of notice to be given, though not having the power to dispense with all notice, and that:

"The notice shall be such as would reasonably and fairly apprise the landowner of the proceedings so as to give him an opportunity to be heard on the merits."

There, however, the question was not the sufficiency of the contents of the notice, but the publication thereof. Such was also the case in Lowery v. Water Improvement Dist., 122 Okla. 116, 251 P. 748, except the notice there involved was notice of hearing on the petition.

Carson v. Oklahoma Dredging Co., 152 Okla. 147, 4 P. 2d 71, is also cited. But there, notice to a landowner whose land was sought to be charged, was not involved. The question there involved was the sufficiency of notice to one whose land was not included within the drainage district, but affected thereby.

Defendant in error, in support of the holding of the trial court, cites Brosemer v. Kelsey (Ind.) 7 N. E. 569; Uhl v. Moorhous, Co. Treas. (Ind.) 37 N. E. 366; State ex rel. v. Arcadia Timber Co. (Mo.) 178 S. W. 93, and Myers et al. v. DeLisle (Mo.) 168 S. W. 676.

Defendants assert, however, that none of the cases cited by plaintiff are in point, except Davis v. Board of County Commissioners of Lincoln County, supra, which it contends is exactly in point and controlling in this case. But we note this distinction, in the Davis Case, supra, the tracts of land were not set forth as required by the statute. This is a mandatory provision and there is no other provision in the statute which may be said to take the place of this particular requirement.

Plaintiff asserts that the early Indiana cases cited, Brosemer v. Kelsey, and Uhl v. Moorhous, supra, are in point and sustain the decision of the trial court. The early Indiana cases cited, and there are others, Featherston v. Small, 77 Ind. 143, Vizzard v. Taylor, 97 Ind. 90, Wright v. Wilson, 95 Ind. 408, McCollum v. Uhl, 128 Ind. 304, 27 N. E. 152, except Featherston v. Small, supra, do hold that under the Indiana statute in force when they arose, to render an assessment for the construction of a public drain valid, it was necessary that notice of the proceedings be given to the actual owner of the land. Featherston v. Small, supra, held otherwise, but it was later held to be erroneous. This is pointed out in the later Indiana case of Kepler et al. v. Wright et al., 35 N. E. 1017.

It is also therein pointed out that the earlier cases mentioned arose under a statute of March 9, 1875, and that said statute specifically required notice to the owner of the land, whether he was shown to be such owner by the records or not. It is also pointed out that in 1881, the statute was liberalized somewhat and did not require the statement of the names of the actual owners, but only required that such should be shown as might be ascertained to be the owner from a reasonable inquiry and search of the records. The statute of Indiana of 1881, as to requirements of notice, is to some extent similar to the provisions of section 6050, C. O. S. 1921.

Kepler et al. v. Wright et al., supra, is a case much more nearly in point than any of the earlier Indiana cases. The

facts are quite similar in that there notice was given or directed to C. David Wood and others, heirs of Jacob Wood, deceased, as owners of the land when in fact Frances Kepler was the actual owner and no notice whatever was given to her.

The notice was held suffiicient and injunction against collection of the assessments was denied.

As stated, plaintiff cites certain Missouri cases which he contends sustain the trial court. The statutes of Missouri under which the cases cited arose are, with minor exceptions, the same as the statutes of Oklahoma. The cases cited by plaintiff from that state do not have the identical question here involved.

But one of the questions involved in State ex rel. Coleman v. Blair et al. (Mo.) 151 S. W. 148, is almost identical with the one here involved. There De-Witt C. Blair was the owner of record of the land involved. It had been devised to him by the will of his father, John I. Blair, deceased. The notice as published was directed to the estate of John I. Blair, John I. Blair's heirs and other persons owning land within the district and all other persons who own or have any interest in or to the described tracts of land, among which were the particular tracts of land involved in the action. DeWitt C. Blair's name nowhere appeared in the proceedings. The contention there, as here, was that the notice should have been directed to him by name. It was there held:

"Rev. St. 1909, sec. 5584, provides for the appointment of a surveyor and three viewers to survey and estimate the expense of draining lands and assess the benefits, and that the viewers shall state in their report the name of the owners of each tract 'so far as they are by diligent effort able to ascertain the same,' and section 5587 provides that the clerk shall fix a time for hearing objections to the assessment of benefits, and thereupon issue a notice directed by name to every person returned by the engineer and viewers as the owner of every lot affected, and issue like notice by name to all persons 'whom it may in any manner be ascertained' own any interest in the land, as well as notice generally to all persons owning such lands, without mentioning their names. Held, that the statutes do not require the viewers to go to the record of deeds to ascertain who owns the lands against which they have assessed benefits."

And:

"A notice of drainage proceedings addressed to 'the estate of B., B.'s heirs,' etc., was not objectionable as not being due process of law because B.'s will investing his heirs with title to the land sought to be assessed was on record showing the name of the heir taking the estate."

The opinion shows that the requirements of the statute of Missouri as to the duties of the viewers, engineer (surveyor) and the county clerk are almost identical with like requirements of our statute.

It may be noted that it is in effect held that part of the statute which provides that the notice shall include generally "all other persons, without mentioning their names, who may own such land or any part thereof or any interest therein * * *" is sufficient to and does constitute due process of law if complied with.

The difficulties encountered in obtaining proper service of notice under the earlier statutes, as shown in the early Indiana cases, doubtless led to the liberalization of the provisions for nottice in the later statutes. Experience apparently had taught that in many cases it was difficult if not impossible to learn and set out the names of all persons who were actual owners of the land involved. Necessity apparently called for some provision for notice to owners whose names could not be ascertained with certainty or where through mistake, neglect, or misinformation the wrong party might be named as owner of land to be affected, and thus avoid the assessments after the drains had been constructed. The additional provision for notice generally to all other persons, without mentioning their names, who may own such lands or any part thereof or any

interest therein, etc., was designed to meet such a situation.

A somewhat similar notice in a railroad condemnation proceeding, except that it neither named the owner nor described the particular land to be taken or damaged, but was directed only to all persons owning land on the line of the railroad as the same then was or might be located, through a certain section, township and range, naming each, and in the county and state, naming each, etc., was upheld by the Supreme Court of the United States as constituting "due process of law" in Huling v. Kaw Valley Ry. & Improvement Co., 32 L. Ed. 1045.

Under the above authorities the notice as given and published was valid and binding upon plaintiff, notwithstanding the error of the viewers and surveyor in their return in stating the Smith Mortgage Company as owner instead of plaintiff, who was the true owner.

The judgment and decree is reversed and the cause is remanded, with directions to enter judgment for defendants and intervener.

WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.